UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,            CRIMINAL NO. 08-63 (JRT/JSM)

    Plaintiff,

v.                                        <u>REPORT AND RECOMMENDATION</u>

CAROLYN LOUPER-MORRIS (1),
and WILLIAM MORRIS, JR. (2)

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

The above matter comes before the undersigned upon defendants' Motion to Extend Time for Filing of Motions and for Dismissal of Indictment [Docket No. 29].[1]

Timothy Rank, Assistant United States Attorney, appeared on behalf of the United States of America; Paul J. Edlund, Esq. appeared on behalf of defendant Carolyn Louper-Morris, who was personally present; and Thomas M. Kelly, Esq. appeared on behalf of defendant William Morris, Jr., who was personally present. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Based upon the pleadings, the pre-hearing submissions and the arguments heard at the hearing on July 8, 2009, it is recommended that defendants' Motion to Extend Time for Filing of Motions and for Dismissal of Indictment [Docket No. 29] be DENIED.

---

[1] Defendant Carolyn Louper-Morris' Motion to Join in Pretrial Motions of Co-Defendant [Docket No. 33] is addressed by a separate order issued in conjunction with this Report and Recommendation.

## I. BACKGROUND

Defendants are both charged with one count of conspiracy in violation of 18 U.S.C. § 371, nine counts of wire fraud in violation of 18 U.S.C. § 1343, seven counts of mail fraud in violation of 18 U.S.C. § 1341, one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and four counts of promotion money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Defendant William Morris, Jr. ("Morris") is also charged with one count of making and subscribing a false return in violation of 26 U.S.C. § 7206(1).

Both defendants are owners of Cyberstudy 101, a Minnesota corporation ("Cyberstudy 101"). The allegations in the Indictment center on an online tutorial program for students in kindergarten through twelfth grade (referenced in the Indictment as the "Cyberstudy tutorial program"), which was designed to take advantage of the Minnesota Education Tax Credit. Indictment, ¶ 6. The Indictment alleges that prior to 2000, defendants operated a website which offered educational assistance to college students. Id. In 2000, defendants then began marketing the Cyberstudy tutorial program in which they allegedly made a number of representations to induce taxpayers to sign up for the program. Id., ¶¶ 6-8. Germane to this motion and contrary to the representations made by defendants, the Indictment alleged "there was no Cyberstudy tutorial program in place whatsoever in 2000." ¶ 9.

Defendants were arraigned on January 20, 2009. The original motions filing deadline for defendants in this case was set for February 3, 2009, and the motions hearing was scheduled for February 18, 2009. See Order dated January 21, 2009 [Docket No. 9]. On February 6, 2009, defendants jointly moved to continue the motions

filing deadline and hearing date.  See Docket No. 15.  The Court granted that motion, and extended the motions filing deadline to March 16, 2009 and the motions hearing to March 31, 2009.  See Order dated February 10, 2009 [Docket No. 19].  The pretrial motions hearing was held on March 31, 2009, and the Court issued its ruling on the motions filed by the parties on May 15, 2009.  See Docket No. 27.

On May 22, 2009, defendants brought the present motion seeking an extension of time to file pretrial motions and to dismiss the Indictment.  See Docket No. 29.  As part of this motion, defendants also requested the grand jury transcripts.  See Def. Mem., p. 4 [Docket No. 30].  Defendants argued that the Cyberstudy tutorial program was in place in the year 2000, and the Government's representations to the grand jury that no program materials existed undermined the independent determination of the grand jury, substantially influenced their decision to indict defendants, and prejudiced defendants in the eyes of the grand jury.  Def. Mem., pp. 2-4.  In support of their claim that the Cyberstudy tutorial program existed in 2000, defendants submitted the Affidavit of defendant Morris.[2]  Morris stated that "Cyberstudy 101 sold a tutorial program called 'Cyberstudy 101' that existed online starting [in] 1998 and that any representation by the prosecutor that 'Cyberstudy 101' did not exist was inaccurate and served to mislead the Grand Jury."  Morris Aff., ¶¶ 3, 4.  Based on this evidence, defendants sought dismissal of the Indictment, and disclosure of the grand jury transcripts.

---

[2]   On May 22, 2009, defense counsel for William Morris, Jr. filed a Certificate of Service with the court indicating that the Affidavit of William Morris, Jr. had been filed with the Court.  See Docket No. 32.  Although counsel provided copies of the Affidavit to the Government and ultimately to the undersigned, the Affidavit was never filed with the Court.  A request has been made to defense counsel that this affidavit be filed with the Clerk of Court.

3

In opposition, the Government contended that defendants had not established good cause to bring their untimely motion. See Gov't Response, p. 1 [Docket No. 36]. The Indictment was provided to defendants in February 2008, and they had more than ample time to notice the allegation which they asserted was critical to the grand jury's deliberations. Id., p. 3. On the merits, the Government stated that the Cyberstudy tutorial program, as it was defined in the Indictment, was not in existence in 2000 or 2001. Id., p. 4. Although Cyberstudy 101, the corporation, was in existence prior to 2000, the online product it was selling at that time was for college students, and not the program at issue in the Indictment which was for K-12 students. Id. at p. 6. For these reasons, the Government argued defendants' motion for dismissal of the Indictment and request for the grand jury transcripts be denied.

On July 8, 2009, the Court heard oral argument from the parties. In support of their claim that defendants had good cause for bringing their motion, counsel for Morris, Thomas Kelly, explained that the Government had issued a subpoena to Cyberstudy 101 for programs in existence in 2000 and that Cyberstudy 101 produced electronic records to the Government pursuant to subpoena. However, the records from the 2000 version of the tutorial program were not produced because they appeared to not be responsive to the subpoena, but they in fact did exist. Further, according to Kelly, directly after the first motions hearing in this case, Kevin Short, then-counsel for defendant Carolyn Louper-Morris,[3] had a discussion with Timothy Rank, the Assistant United States Attorney prosecuting this case. During that conversation, Short (and therefore, the defendants) discovered for the first time that the Government had not

---

[3] Louper-Morris is now represented by Paul Edlund.

4

seen a 2000 version of the Cyberstudy program, and that the grand jury had never seen any program purporting to be the Cyberstudy online tutorial as it existed in 2000.

In response to Kelly's statements, Rank explained that he had a conversation with Short in February of 2009, after the first appearances in this case.[4] Short told Rank that he thought he had produced some electronic media to the Government, but Rank told Short that he had not. Rank further represented to the Court that he had received no electronic files from defendants until the week of the July 8, 2009 hearing, and that he still has not seen anything regarding the Cyberstudy tutorial program for the year 2000.

On May 22, 2009, Paul Edlund replaced Short as defendant Louper-Morris's counsel. See Docket No. 28. At the July hearing, Edlund represented to the Court that he had received electronic media from Short when he was retained, and that on July 1, 2009, Edlund delivered to Rank this electronic media in the form of floppy disks. Edlund stated to the Court that there was no disk showing what the Cyberstudy tutorial program looked like in the year 2000, and that he did not have evidence regarding the Cyberstudy tutorial program for 2000, nor was there any reason to believe that evidence regarding the Cyberstudy tutorial program in 2000 existed.

## III.   DISCUSSION

Rule 12 of the Federal Rules of Criminal Procedure addresses pretrial motions. The relevant sections state:

> (b)(3) Motions That Must Be Made Before Trial. The following must be raised before trial:
>
>   (A) a motion alleging a defect in instituting the prosecution;

---

[4] Defendants' first appearance took place on January 20, 2009. See Docket No. 3.

5

> (B) a motion alleging a defect in the indictment or information--but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense;
>
> ***
>
> (c) Motion Deadline. The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing.
>
> (d) Ruling on a Motion. The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record.
>
> (e) Waiver of a Defense, Objection, or Request. A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.

Fed. R. Crim. P. 12(b) – (e); see also United States v. Burnes, 2009 WL 33310 at *1 (D.Minn. Jan. 6, 2009).

At the arraignment on January 20, 2009, the deadline for filing motions was set for February 3, 2009, and the motions hearing was set for February 18, 2009. On February 6, 2009, defendants jointly moved to continue the motions filing deadline and hearing date, which this Court granted, extending the motions filing deadline to March 16, 2009 and the motions hearing to March 31, 2009. The instant motion was not filed until May 22, 2009. Accordingly, the Court must determine whether defendants had good cause for filing the current motion more than two months after the deadline for filing pretrial motions. The Court finds that they did not.

This Indictment was charged in February of 2008. If the basis of the motion was Morris' claim as set forth in his Affidavit that "Cyberstudy 101" existed as early as 1998,

this information was well known to defendants prior to the March 16, 2009 filing deadline for motions, and no reason was given by defendants to explain why they did not bring the instant motion at that time. If instead, the basis of the motion was as represented by Kelly at the July hearing – that it was Short's conversation with Rank after the motions hearing on March 31, 2009 (or in February 2009, as Rank claimed), that first put defendants on notice that the Government had not received the electronic data showing that the Cyberstudy tutorial program existed in 2000 – whether the conversation took place the month before the March 31 motions hearing or immediately after the hearing, defendants still did not bring their motion until May 22, 2009, nearly two to three months after Short's conversation with Rank. In short, no explanation was provided by defendants for their delay in bringing the matter to the Court's attention immediately after the first motions hearing and before the Court had issued its ruling on those motions.

More importantly, there is no "newly discovered information" before this Court to support a claim of good cause for bringing this untimely motion. Louper-Morris' current counsel, Edlund, confirmed at the July hearing that there was no electronic media showing what the Cyberstudy tutorial program looked like in the year 2000, and that he did not have any evidence to show the Cyberstudy tutorial program existed in 2000. For all of these reasons, the Court finds that defendants have not shown good cause for the delay. See United States v. Casares-Cardenas, 14 F.3d 1283, 1286 (8th Cir. 1994) (district court has discretion to refuse to consider untimely pretrial motions where no good cause is offered for late submission).

7

## B. Merits

The Court further finds that defendants' motion to dismiss fails on the merits. "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956); see also United States v. Vincent, 901 F.2d 97, 99 (8th Cir. 1990) (quoting United States v. Calandra, 414 U.S. 338 (1974)) (finding that an indictment returned by a legally constituted and unbiased grand jury "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."). "[I]n order to have a charge dismissed for an alleged misstatement or even a perjurious statement [before the grand jury], [a defendant] must show that the misstatements were material. As long as there is some other competent evidence to sustain the charge, the charge should not be dismissed." United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999) (citing United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985); United States v. Levine, 700 F.2d 1176, 1181 (8th Cir. 1983)). "[M]isstatements or mistakes alone [do not] justify the dismissal of an indictment which is valid on its face." Levine, 700 F.2d at 1180.

Here, the information presented to the Court at the hearing directly contradicted defendants' grounds for bringing this motion – that the Government falsely represented that the Cyberstudy tutorial program did not exist in 2000. The Government and Edlund stated that there were no records regarding the Cyberstudy tutorial program for 2000; Edlund also represented there was no reason to believe that any such evidence existed. Accordingly, as the record is devoid of any facts to support the proposition that the

8

Government made any misrepresentations in the Indictment, much less to the grand jury, the motion to dismiss fails on the merits.

## C. Grand Jury Transcripts

Defendants also requested the grand jury transcripts on the basis that the Government allegedly made misrepresentations to the grand jury regarding the Cyberstudy tutorial program. Fed. R. Crim. P. 16(a) governs the Government's disclosure obligations to defendant. Rule 16(a)(3) addresses grand jury transcripts, expressly stating that Rule 16(a) "does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2."

At the hearing, the Government stated that it would produce the grand jury testimony of any witnesses who would be testifying at trial. Nonetheless, defendants argued they were entitled to the grand jury transcripts based on Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure. Rule 6(e)(3)(E)(ii) authorizes the Court to disclose a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." For the same reasons that defendants' motion to dismiss did not pass muster, their motion for production of the grand jury transcripts must similarly fail -- defendants made no showing that any misconduct occurred before the grand jury to warrant dismissal of the indictment. Moreover, a defendant must make a showing of particularized need for grand jury information. United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) (citing United States v. Knight, 547 F.2d 75, 78 (8th Cir. 1976)). Lacking any evidence to support the suggestion that the Government made any

9

misrepresentations to the grand jury regarding the lack of existence of the Cyberstudy tutorial program in 2000, defendants have failed to meet their burden of showing a particularized need for grand jury information. The Court has no basis for ordering the Government to produce the grand jury transcripts in this case, and therefore, defendants requests for the transcripts should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that defendants' Motion to Extend Time for Filing of Motions and for Dismissal of Indictment [Docket No. 29] be denied.

Dated: September 8, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 25, 2009 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.